# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

JERMEL ANTHONY ROBINSON, )
#334393, )
                            )      CIVIL ACTION NO. 9:15-3382-JFA-BM
          Petitioner, )
                            )
v.                           )      **REPORT AND RECOMMENDATION**
                            )
CECELIA REYNOLDS, )
                            )
          Respondent. )
_____)

          Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on August 21, 2015.[1] The Respondent filed a return and motion for summary judgment on December 23, 2015. As the Petitioner is proceeding pro se, a Roseboro order was entered on January 4, 2016, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time to respond, Petitioner filed a memorandum in opposition on March 3, 2016. This matter is now before the Court for disposition.[2]

_____

      [1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

      [2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule
(continued...)



## **Procedural History**

Petitioner was indicted in Sumter County in February 2009 for murder, two counts of attempted armed robbery while armed with a handgun, possession of a firearm during the commission of a crime of violence, possession of a pistol by one less than eighteen years of age, and lynching - 1st degree. (R.pp. 668-670). Petitioner was represented by David Sullivan, Esquire. After a jury trial with his co-defendant, Teron Jackson, Petitioner was found guilty on April 22, 2009 of lynching, on one of the attempted armed robbery charges, of possession of a firearm during the commission of a crime of violence, and possession of a pistol by one less than eighteen years of age, while being found not guilty of murder and on the other attempted armed robbery charge. (R.pp. 486-487). Petitioner was then sentenced to thirty-seven (37) years imprisonment for lynching, twenty (20) years imprisonment for attempted armed robbery, five (5) years imprisonment for possession of a firearm during the commission of a crime of violence, and five (5) years imprisonment for possession of a pistol by one less than eighteen years of age, all concurrent. (R.p. 507). On May 15, 2009, the trial court denied Petitioner's motion to vacate sentence and for a new trial. (R.p. 555).

Petitioner filed a timely appeal. He was represented on appeal by Joseph L. Savitz, III, of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who raised the following issue:

> The trial judge committed reversible error by refusing to direct a verdict acquitting Robinson of lynching, as the State failed to establish that he and Jackson had assembled "for the premeditated purpose and with the premeditated intent of committing an act of violence upon the person of another," as required by S.C. Code Section 16-3-230.

---

(...continued)
73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



(R.p. 512).

On October 11, 2011, the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence. (R.pp. 530-531); see also State v. Robinson, Unpublished Op. 2011-UP-435 (S.C.Ct.App. Oct. 11, 2011). The Remittitur was issued on October 27, 2011. (R.p. 529).

On April 3, 2012, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Robinson v. State of South Carolina, No. 2012-CP-43-648. (R.pp. 532-538). Petitioner originally raised the following issues in his APCR:

> **Ground One:** 5th Amendment, United States Constitution Violation. Denial of Protection against Double Jeopardy.
>
> **Ground Two:** 6th Amendment, United States Constitution Violation. Denial of Effective Assistance of Competent [Counsel].
>
> **Ground Three:** 14th Amendment, United States Constitution Violation. Denial of Equal Protection of the Law . . . .

(R.p. 534).

Petitioner subsequently filed an addendum to his PCR petition clarifying or raising additional issues of ineffective assistance of trial and appellate counsel. (R.pp. 539-554).

Petitioner was represented in his APCR by Richard T. Jones, Esquire, and an evidentiary hearing was held on Petitioner's application on February 24, 2014. (R.pp. 571-637). In an order filed April 25, 2014 (dated April 16, 2014), the PCR judge denied relief on the allegations in the APCR. (R.pp. 639-651). On May 5, 2014, Petitioner filed a motion to alter or amend. (R.pp. 652-664). On May 22, 2014 (dated May 16, 2014), the PCR judge filed an order denying the motion. (R.pp. 665-667).

Petitioner filed a timely appeal of the PCR court's order, in which he was represented



by Robert M. Pachak, Appellate Defender of the Division of Appellate Defense. Petitioner's counsel

filed a <u>Johnson</u>[3]  petition, seeking to be relieved and raising the following issue:

> **Ground One:** Whether defense counsel was ineffective for failing to object to a jury charge on first degree lynching that did not allow the jury to make a finding of mercy?

<u>Petition for Writ of Certiorari</u>, p. 2 (<u>See</u> Court Docket No. 16-1, p. 3).

The Petitioner then filed a <u>pro</u> <u>se</u> <u>Johnson</u> petition which was received by the South

Carolina Supreme Court on March 4, 2015. <u>See</u> Court Docket No. 16-2. Petitioner addressed the

following issues in his brief:

> The PCR Court reversibly erred by not granting petitioner's application for post-conviction relief where the court applied incorrect law to Petitioner's case or failed to find that counsel's errors resulted in prejudice.
>
> A.  Did the PCR Court err in failing to find counsel ineffective for failing to object and require the state to elect between the charges murder and lynching in the first degree resulting in a Double Jeopardy violation?
>
> B.  Did the PCR court err in finding that counsel was not ineffective for failing to object to Petitioner's conviction for lynching in the first degree when co-defendant was acquitted of lynching at a joint-trial?
>
> C.  Did the PCR Court err in finding that no prejudice occurred due to trial counsel's failure to request a limiting instruction on the jury's use of a co-defendant's confession?
>
> D.  Did the PCR Court err in finding that appellate counsel was not ineffective for failing to brief all properly preserved issues pertaining to Petitioner's confession?
>
> E.  Did the PCR Court err in finding that counsel was not ineffective for failing to object to the jury charges?
>
> F.  Did the PCR Court err in finding that counsel was not ineffective for failing to present an effective directed verdict motion?

---

[3]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1998); <u>see</u> <u>also</u> <u>Anders v. California</u>, 386 U.S. 744 (1967).



G. Did the PCR Court err in finding that counsel was not ineffective for failing to object to the unconstitutionality of the lynching in the first degree statute?

<u>See</u> Court Docket No. 16-2, p. 2.

The South Carolina Supreme Court denied certiorari on May 6, 2015, and granted counsel's motion to be relieved. <u>See</u> Court Docket No. 16-3. The Remittitur was filed on May 22, 2015. See Court Docket No. 16-4.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

**Ground One:** Trial counsel ineffective for failing to object and require the State to elect between the charges murder and lynching in the first degree, double jeopardy.

<u>Supporting Facts:</u>  A threshold inquiry when reviewing an alleged double jeopardy violation is whether the same act is involved in different charges.  Count one of the indictment charged petitioner with murder and count six of the same indictment charged petitioner with lynching in the first degree.  Both offenses are the same under South Carolina law and both were not necessary.

**Ground Two:** Trial counsel ineffective for failing to object to Petitioner's conviction for lynching in the first degree when co-defendant was acquitted at joint trial.

<u>Supporting Facts:</u>  Trial counsel failed to contest the conviction for lynching in the first degree when co-defendant was not convicted of lynching in the first degree.  This violation arose in a joint trial for a crime there requires the assemblage of two or more people or a united act.  Such a violation renders the conviction of impossible at law because the Legislature has included mob as a necessary element of lynching in the first degree.

**Ground Three:** Trial counsel failed to request a limiting instruction on the jury's use of a co-defendant's confession.

<u>Supporting Facts:</u>  Petitioner and his co-defendant were tried jointly.  The trial judge ruled that the confessions with the references to the Petitioner and his co-defendant would be redacted and admissible at trial.  The redaction was insufficient in regards to the confessions.  They served no purpose in disguising Petitioner's existence.

**Ground Four:** Appellate counsel ineffective for failing to brief all properly preserved



issues pertaining to Petitioner's confession.

<u>Supporting Facts</u>: Petitioner and his co-defendant's trial counsel sought suppression of both confessions. The judge denied both motions requesting that the confessions not be admitted at trial. The redaction itself was unconstitutional and did not fall within <u>Bruton's</u>[4] protective rule to be admissible at trial.

**Ground Five:** Counsel ineffective for failure to ask for mercy under the lynching statute, 16-3-210.

<u>Supporting Facts</u>: Counsel should have brought to the Court's attention the recommendation of mercy, and requested that mercy be granted as required by statute, upon a finding of guilty.

<u>See</u> <u>Petition</u>, pp. 6, 8-9, 11 & Attachment.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

---

[4]<u>Bruton v. United States</u>, 391 U.S. 123 (1968).

6



In Grounds One through Five[5] of his Petition, Petitioner raises numerous ineffective assistance of counsel claims which were all substantially[6] raised in his APCR, where Petitioner had the burden of proving the allegations in his petition. <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert</u>. <u>denied</u>, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See Robinson v. State of South Carolina</u>, No. 2012-CP-43-648. These issues were also addressed either in Petitioner's counsel's <u>Johnson</u> petition and/or Petitioner's <u>pro se</u> brief in his PCR appeal to the State Supreme Court. <u>See</u> Court Docket Nos. 16-1 and 16-2. Therefore, these claims are all properly exhausted.

The PCR judge found that:[7] 1) Petitioner testified that he met with counsel two or three times; 2) Petitioner stated that he remembered reviewing discovery materials with counsel; 3) Petitioner stated he and counsel discussed the fact that Petitioner felt he did not play a role in the killing and was actually injured as a result of the crime; 4) Petitioner stated he did not play a major role in the crime; 5) Petitioner stated he did not give counsel any leads or witnesses to investigate; 6) Petitioner recalled that he confessed to being involved in the crime; 7) Petitioner stated he admitted

---

[5]In Petitioner's response, he attached as his second page an index from his <u>pro se</u> brief in his PCR appeal, which contains two additional issues. However, those issues are not raised in this federal habeas petition, the petition has not been amended, and those issues do not appear to be discussed on the merits by Petitioner in his brief. Accordingly, since those two issues are not part of this federal habeas petition, they have not been discussed.

[6]With regard to Petitioner's allegation of ineffective assistance of appellate counsel for failure to brief numerous issues, Respondent notes that Petitioner generally raised those issues before the PCR court, and since Respondent has not raised any procedural bar argument with regard to that ground, the undersigned has discussed that issue on the merits.

[7]Factual findings of the PCR court which deal with issues not before this Court in this federal habeas petition are not included.



to police that he had a forty caliber pistol as he approached the victim's car; 8) Petitioner recalled apologizing multiple times for the death of the victim; 9) Petitioner stated that counsel should have asked the jury for mercy under the Lynching Statute § 16-3-210; 10) Petitioner stated he was prejudiced because the jury was never given the opportunity to consider giving him mercy under that statute; 11) Petitioner stated counsel should have objected to the unconstitutionality of the lynching statute; 12) Petitioner claimed the statute as worded shifted the burden from the State to the Defendant; 13) Petitioner explained that he was prejudiced because he was required to present mitigating factors; 14) Petitioner further stated, had counsel done a reasonable investigation he would have recognized the unconstitutionality of the statute;

15) Petitioner alleged counsel failed to present an effective directed verdict motion; 16) Petitioner stated counsel merely argued that the State had not proven "the presumption"; 17) Petitioner further stated counsel did not properly object and preserve the issue for appellate review; 18) Petitioner also argued that counsel was ineffective for failing to object to the faulty jury instructions; 19) specifically, Petitioner stated that he felt counsel should have objected to the trial court charging the jury on both murder and lynching; 20) Petitioner stated counsel should have challenged the fact that he was convicted of lynching when lynching requires two or more people; 21) Petitioner explained that his co-defendant was acquitted of lynching and found guilty of murder; 22) Petitioner stated because his co-defendant was not found guilty of lynching, he should not have been found guilty of lynching either;

23) Petitioner also stated counsel failed to object to the admission of the confession at trial or argue that the trial should be severed; 24) Petitioner argued that this violated his confrontation rights; 25) Petitioner further argued that counsel should have asked the court to instruct



the jury that they could not use the co-defendant's confession as evidence against him; 26) Petitioner stated that his counsel was ineffective for failing to raise all meritorious issues; 27) Petitioner stated appellate counsel should have briefed the issue regarding the motion for severance; 28) Petitioner stated appellate counsel should have briefed the issue regarding trial counsel's failure to suppress his confession; 29) Petitioner further argued appellate counsel should have briefed the issue regarding the fact that his confession was read to the jury;

30) Petitioner's trial counsel testified that he had been practicing law for eight years and was appointed to represent the Petitioner; 31) counsel stated that he received the file in August 2008 and met with Petitioner four or five times; 32) counsel stated he filed for and received all Rule 5 and Brady material; 33) counsel stated he reviewed all Rule 5 and Brady material with Petitioner prior to trial; 34) counsel stated he did a lot of investigation into the case; 35) counsel stated he reviewed Petitioner's version of events; 36) counsel stated Petitioner had given a confession; 37) counsel stated the State's theory was that Petitioner and his co-defendant had done surveillance, and that both Petitioner and co-Defendant approached the victim's vehicle and attempted to rob him; 38) counsel stated that Petitioner and his co-Defendant were on opposite sides of the vehicle; 39) counsel stated that Petitioner was shot during the incident and fled the scene; 40) counsel stated that he was unsuccessful in his motion to suppress Petitioner's confession; 41) counsel could not recall any discussion with Petitioner's appellate counsel;

42) Petitioner's allegation that he was denied effective assistance of counsel for failing to ask for mercy under the lynching statute was without merit; 43) the mercy issue was only relevant when the death penalty was available for lynching; 44) Petitioner was not facing the death penalty; 45) counsel's actions were reasonable under the circumstances and did not fall below the professional



norms of reasonableness; 46) furthermore, Petitioner did not show he was prejudiced; 47) Petitioner failed to meet his burden that his trial counsel was ineffective for failing to object to the jury charges; 48) Petitioner appeared to argue that counsel should have objected to both the murder and lynching charges going to the jury; 49) there was no merit to Petitioner's argument; 50) the jury could consider both lynching and murder, though the jury could not convict one defendant of both crimes; 51) furthermore, the court noted that just because Petitioner's co-defendant was convicted of murder does not mean that Petitioner could not be convicted of lynching;

52) the jury charges given were proper; 53) counsel's actions were reasonable under the circumstances and did not fall below the professional norms of reasonableness; 54) Petitioner failed to show he was prejudiced; 55) Petitioner failed to meet his burden of proving trial counsel was ineffective for failing to contest his conviction for lynching when his co-defendant was not convicted of lynching; 56) Petitioner argued that he could not be convicted of lynching as the statute requires that there be two or more people; 57) simply stated, Petitioner argued that he could not be a "Mob of one"; 58) this argument had no merit as Petitioner could be convicted of lynching despite the fact that his co-defendant was convicted of murder and not lynching; 59) the fact that his co-defendant was not convicted of lynching does not mean that there was no "mob"; 60) plainly stated, one of the mob was guilty of murder and Petitioner was the second part of the two-man mob; 61) counsel's actions were reasonable under the circumstances and did not fall below the professional norms of reasonableness; 62) Petitioner failed to show he was prejudiced;

63) Petitioner argued that counsel should have requested a limiting instruction on the jury's use of the co-defendant's confession; 64) the PCR court agreed that counsel's failure to request a limiting instruction on the jury's use of the co-defendant's confession was ineffective assistance of



counsel; 65) however, Petitioner failed to show any resulting prejudice; 66) Petitioner was shot during the incident; 67) furthermore, Petitioner freely and voluntarily confessed to being part of the plan to rob the victim; 68) after a review of the entire transcript, there was clear overwhelming evidence of Petitioner's guilt on all counts of the indictment for which he was convicted;

69) Petitioner's assertion that his appellate counsel was ineffective for failing to brief all meritorious issues was without merit; 70) appellate counsel was not required to raise every non–frivolous issue that is presented in the record; 71) Petitioner argued that appellate counsel should have briefed the issue of whether the trial court abused its discretion in denying his motion for a severance; 72) Petitioner claims his and his co-defendant's confessions clearly implicated the other, and that redactions did not cure their obvious implications; 73) the PCR Court disagreed; 74) Petitioner's own confession implicated himself, and he could not complain that the co-defendant's confession may have done so; 75) Petitioner cannot show any prejudice because Petitioner's own confession was found to be voluntary and was introduced into evidence; 76) in light of his confession, the fact that he was shot was corroborating evidence he was at the scene; 77) he again confessed to his actions at the PCR hearing when he freely admitted his involvement in the entire incident; 78) the jury was entitled to use the Petitioner's own confession against him if it desired to do so, and the PCR court's reading of his co-defendant's confession implicating "another person", albeit more likely than not the Petitioner, the other evidence of his guilt was overwhelming (again, his confession and the fact that he was shot during the attempted robbery); 79) Petitioner argued that his appellate counsel should have briefed the issue of whether the trial court erred in denying his motion to suppress his confession; 80) Petitioner argued that his confession was not freely and voluntarily given because police told him that his co-defendant had already confessed; 81) Petitioner stated that this information



coerced him into confessing; 82) the PCR court found that the fact that the Petitioner did not confess until the police told him his co-defendant had implicated him did not render Petitioner's statement involuntary; 83) Petitioner argued that appellate counsel should have briefed the issue of whether the trial court erred in allowing the confession to be admitted at trial; 84) specifically, Petitioner claimed that when the confession was read to the jury, it became hearsay and a violation of his right of confrontation because it was clear the co-defendant was talking about the Petitioner as the other person; 85) as previously stated above when discussing the motion for severance, the PCR court found this argument without merit; 86) Petitioner also complained that appellate counsel failed to brief and argue that the jury was improperly given a redacted copy of the co-defendant's confession as it was being read to the jury; 87) the PCR court disagreed; there was no objection to this at trial; 88) Petitioner's allegations that his appellate counsel was ineffective for failing to brief these issues was without merit and Petitioner failed to show prejudice; and 89) Petitioner waived any remaining issues. (R.pp. 640-650). As previously noted, the South Carolina Supreme Court denied Petitioner's PCR appeal wherein he and/or his counsel presented these issues and denied the petition for rehearing. See Robinson v. State, Appellate Case No. 2014-001315 (Order filed May 5, 2015).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden



of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531

U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct

under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the

issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.

Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th

Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th

Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, with regard to the ineffective assistance

of counsel claims that were adjudicated on the merits by the South Carolina state court, this Court's

review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted

by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000).  See Bell v. Jarvis, supra; see also

Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect

to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly established

federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in

considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes

"whether counsel's conduct so undermined the proper functioning of the adversarial process that the

trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland,



the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.1996).

For the reasons set forth and discussed hereinbelow, Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard.  Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975)[Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

### Ground One

In Ground One, Petitioner contends that his counsel was ineffective for failing to require the State to elect at trial whether to convict on murder or lynching in the first degree, as he asserts that both charges are the same.  Petitioner raised this issue in his APCR and in his Johnson petition on appeal.

At trial, Petitioner was acquitted of the murder charge, but was convicted of lynching in the first degree.  In 2009, the crime of lynching in the first degree was defined in S.C. Code Ann § 16-3-210[8] as "[a]ny act of violence inflicted by a mob upon the body of another person which

---

[8]See State v. Gray, 759 S.E.2d 160, 164 n. 3 (S.C.Ct. App. 2014)["The former crime of lynching was defined in section 16–3–210 of the South Carolina Code (2003).  The section was (continued...)



results in the death of the other person. . . ." To constitute the crime of lynching, the death must have been inflicted by a mob. A mob is defined in § 16-3-230 as the "assemblage of two or more persons, without color or authority of law, for the premeditated purpose and with the premeditated intent of committing an act of violence upon the person of another." In cases of lynching, a mob has been equated to an "unlawful assemblage of persons." <u>Cantey v. Clarendon County</u>, 85 S.E. 228, 229 (1915); <u>see</u> <u>also</u> <u>State v. Barksdale</u>, 428 S.E.2d 498, 500 (S.C.Ct.App. 1993). Conversely, murder is "the killing of any person with malice aforethought, either express or implied." S.C. Code Ann. § 16-3-10 (1985). "Malice" is the wrongful intent to injure another and indicates a wicked or depraved spirit intent on doing wrong. <u>State v. Johnson</u>, 352 S.E.2d 480, 481 (S.C. 1987). Malice may be implied from the defendant's use of a deadly weapon. <u>State v. Campbell</u>, 339 S.E.2d 109, 109-110 (S.C. 1985); <u>State v. Kelsey</u>, 502 S.E.2d 63, 62 (S.C. 1998).

A plain reading of these statutes confirms that there was no ineffective assistance of counsel when trial counsel here did not move to require the state to elect which of these charges to proceed under. The two charges are distinct offenses by statute, and as a matter of state law, "[t]he rule in [South Carolina] is that distinct offenses - felonies or misdemeanors - may be charged in separate counts of the same indictment, whether growing out of the same transaction or not. If the several offenses charged do not grow out of the same transaction, then the proper practice is to require the prosecuting officer to elect upon which count he will proceed. But, when several offenses charged grow out of the same transaction, then the prosecuting officer is not required to elect, and the court instructs the jury to pass upon the several counts separately, and write their verdict

---

[8](...continued)
amended effective June 2, 2010 and redefined first-degree lynching as "assault and battery by mob in the first degree." S.C.Code Ann. § 16–3–210(B) (Supp.2013)."]



accordingly." State v. Lee, 145 S.E. 285, 286 (1928); see also State v. Maxey, 62 S.E.2d 100, 111-112 (S.C. 1950); State v. Whitener, 89 S.E.2d 701, 711 (S.C. 1955); City of Greenville v. Chapman, 41 S.E.2d 865, 866-867 (S.C. 1947); cf. State v. Love, 271 S.E.2d 110, 114 (S.C. 1980). In this case, since both offenses arose out of the same criminal transaction, there was no requirement under state law for the state to elect. (R.pp. 669-670). Further, to the Petitioner's benefit, the trial judge charged the jury that they could not find either defendant guilty on both the murder and lynching offense. (R.pp. 477-478). Rather, the trial judge instructed the jury that they could consider the lynching offense only if they found a defendant "not guilty" on the murder charge, while a defendant could also be found "not guilty" on both charges. Id.[9]

Petitioner claims that his Constitutional protection against Double Jeopardy was violated in his case as he was subject to receiving "multiple punishments for the same offense" in a single-proceeding. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

> The double jeopardy clause of the Fifth Amendment to the United States Constitution protects against multiple punishments for the same offense as well as a second prosecution for the same offense after acquittal or conviction. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). An indictment violates the double jeopardy clause when it charges a single offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." United States v. Chacko, 169 F.3d 140, 145 (2d Cir.1999) (citations omitted). To determine whether separate counts charge the same offense, courts apply the test set out by the Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932). Pursuant to Blockburger, double jeopardy clause analysis asks whether "the same act or transaction constitutes a violation of two distinct statutory provisions." Id. A finding that there were two distinct acts necessarily precludes a violation of the double jeopardy clause.

_____

[9]Although the charge in this particular case was to Petitioner's benefit, it is not clear that such a charge was required, as the case law reflects that Defendants in South Carolina have been charged with and convicted of *both* murder and lynching in the first degree arising from the same incident. See State v. Gray, 759 S.E.2d at 162; State v.Wilder, No. 2005-UP-235, 2005 WL 7083701 (S.C.Ct.App. Apr. 6, 2005); State v. Staten, 610 S.E.2d 823, 826-827 (S.C.Ct.App. 2005), vacated in part on other grounds, State v. Staten, 647 S.E.2d 207 (S.C. 2007).



Cantrell v. Ozmint, No. 05-3145, 2006 WL 2433864 at * 4 (D.S.C. Aug. 18, 2006). "The mere possibility that the State will seek to rely on all of the ingredients necessarily included in the (lesser) offense to establish an element of (the greater offense) case would not be sufficient to bar the latter prosecution under the Double Jeopardy Clause . . . . The lesser offense is included in the greater only if each of its elements is always a necessary element of the greater offense." State v. Bourn, 139 Vt. 14, 421 A.2d 1281, 1282 (1980)(citing Illinois v. Vitale, 447 U.S. 410, 419-420 (1980)).

In this case, the trial judge's instructions precluded the jury from finding Petitioner guilty on both murder and lynching. Further, even assuming arguendo that a Blockburger analysis should be conducted, murder and lynching are not the same crime, as they contain different elements and do not invoke the applicability of the Double Jeopardy Clause. Cf. S.C.Code Ann. § 16-3-210 with S.C.Code Ann. § 16-3-10. Accordingly, Petitioner has not carried his burden of showing that his counsel was ineffective for failing to object and request that the State be required to elect at trial whether to seek a conviction on murder or lynching in the first degree. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Therefore, Petitioner has not shown that the findings and rulings of the state courts were unreasonable. Evans, 220 F.3d at 312; Williams v. Taylor, supra; Strickland v. Washington, supra.; Greene v. Fisher, 132 S.Ct. 38, 43 (2011)[observing that AEDPA's "standard of 'contrary to, or involv[ing] an unreasonable application of, clearly established Federal law' is difficult to meet, because its purpose] is to ensure that federal habeas relief functions as guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction"]. This claim is without merit and should be dismissed.

17



## Ground Two

The trial judge's instruction, as noted above, specifically instructed the jury that if they found either defendant guilty of murder, they could not also find that defendant guilty of lynching in the first degree. (R.p. 477). Petitioner argues in Ground Two of his Petition that counsel should therefore have objected to his conviction of lynching in the first degree because it required the jury to find the existence of a mob, and that while his co-defendant was convicted of murder, he was not convicted of lynching in the first degree, and therefore there was no "mob" by definition.

The trial judge's instruction precluded a conviction of Petitioner's co-defendant on the lynching in the first degree charge after the jury found him guilty of murder. (R.pp. 477-478, 485, 487). Even so, the evidence presented at trial included the Petitioner and his co-defendant assembling and conspiring in advance, donning masks and dark clothing to conceal their identities, knowingly and intentionally arming themselves with illegally-purchased loaded firearms, performing reconnaissance of the victim for an hour or more while he sat in his car, and finally besieging the victim from both sides of the car while brandishing their loaded deadly weapons. (R.pp. 148-149, 184-196, 252-292, 319-329, 354-365, 392-394, 407-408). After then allowing the female in the car to run away, Petitioner's co-defendant shot the victim at close range five times in the chest and torso. (R.pp. 254-256, 260, 300-308, 359-365). The co-defendant and Petitioner then immediately fled the scene and attempted to conceal their involvement. (R.pp. 155-262, 287-292, 306-308, 319-322, 326-329, 407-408). The victim died two hours later in the hospital. (R.pp. 300-311). Based on this evidence, the jury found Petitioner's co-defendant guilty of murder and Petitioner guilty of lynching in the first degree. (R.pp. 485-487).

As previously discussed, lynching in the first degree is "[a]ny act of violence inflicted



by a mob upon the body of another person which results in the death of the other person. . . ."  S.C. Code Ann § 16-3-210. The PCR judge found that Petitioner failed to meet his burden of proving trial counsel was ineffective in failing to contest his conviction for lynching when his co-defendant was not convicted of lynching, concluding that Petitioner's argument that he could not be convicted of lynching because the statute required that there be a conviction of two or more people had no merit because the fact that his co-defendant was not convicted of lynching did not mean that there was no "mob".  Rather, the PCR court held that, plainly stated, the jury found that one of the mob was guilty of murder and that Petitioner was the second part of the two-man mob.  (R.pp. 646-647).

The undersigned does not find that Petitioner has carried his burden of showing that his counsel was ineffective for failing to object to his conviction on the lynching charge based on his co-defendant only being found guilty of murder.  Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].  The PCR court found that Petitioner's assertion was not a correct interpretation of the statute, and the State Supreme Court upheld the PCR Court's ruling on this claim, and that this was a proper conviction under this statute. See Court Docket No. 16-3.  This Court cannot re-determine this state law issue, already ruled on by the State courts, in Petitioner's favor.  Estelle v. McGuire, 502 U.S. 62, 67 (1991) ["[I]t is not the province of a federal habeas court to reexamine state-court determinations of state-law questions."]. Therefore, Petitioner has not shown that the findings and rulings of the state courts were unreasonable.  Evans, 220 F.3d at 312; Williams v. Taylor, supra; Strickland v. Washington, supra.; Greene, 132 S.Ct. at 43.

This claim is without merit and should be dismissed.



## Ground Three

In Ground Three of his Petition, Petitioner contends that his counsel was ineffective for failing to request a limiting instruction on the use of his co-defendant's confession. As previously discussed, this issue was raised in Petitioner's PCR proceeding, where the PCR judge found that trial counsel's performance was deficient on this issue, but that Petitioner had suffered no prejudice. (R.p. 647). Petitioner also raised this issue in his pro se response in support of his Johnson petition, which was denied on appeal. See Court Docket No. 16-2, p. 2.

The Sixth Amendment guarantees criminal defendants the right to confront adverse witnesses. U.S. Const. amend. VI. Thus, in a joint trial, the Confrontation Clause prevents the admission of a co-defendant's pretrial confession that implicates another defendant unless the confessor testifies so as to permit cross-examination. Cruz v. New York, 481 U.S. 186, 189–190 (1987). The admission of such a confession cannot be cured by an instruction that a jury may only consider the confession against the confessor, and not against any other defendant. Bruton, 391 U.S. at 126, 135–137. This is because the lack of cross-examination pertaining to the statements leaves a jury in a position where it cannot "possibly be expected to forget [the statements] in assessing the defendant's guilt." United States v. Doherty, 233 F.3d 1275, 1283 (11th Cir.2000).

If raised on direct appeal, a "Bruton violation requires a new trial unless the error was harmless beyond a reasonable doubt." United States v. Schwartz, 541 F.3d 1331, 1353 (11th Cir.2008) (citing Schneble v. Florida, 405 U.S. 427, 432 (1972)). "On collateral review, a federal constitutional error is harmless unless there is 'actual prejudice,' meaning that the error had a 'substantial and injurious effect or influence' on the jury's verdict." Mansfield [v. Secretary, Dep't of Corrections], 679 F.3d [1301] at 1307 [(11th Cir. 2012)] (quoting Brecht [v. Abrahamson, 507 U.S. 619], 507 U.S. [619] at 637 [(1993)]). Therefore, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." Id. (quoting Brecht, 507 U.S. at 633–34).

Under the Brecht standard, the relevant inquiry is not simply whether the jury was right in its judgment, but "what effect the error had or reasonably may be taken to have had upon the jury's decision" and its impact on the jurors' minds in the total setting. Bonner v. Holt, 26 F.3d 1081, 1083 (11th Cir.1994) (quoting Kotteakos v. United States, 328 U.S. 750, 764 (1946)). A successful petition requires more than a reasonable possibility that the error contributed to the judgment. Mason v. Allen, 605

20



F.3d 1114, 1123 (11th Cir.2010)(per curiam). When analyzing the effect of a Confrontation Clause violation, we consider: (1) the importance of the testimony to the prosecution's case; (2) whether the testimony was cumulative; (3) the overall strength of the prosecution's case; (4) the frequency of the error; and (5) the presence or absence of evidence corroborating or contradicting the testimony on material points. Id. at 1123–24; Cargill v. Turpin, 120 F.3d 1366, 1375–76 (11th Cir.1997). Errors are harmless if there is significant corroborating evidence or the state's evidence of guilt is overwhelming. Guzman v. Sec'y, Dep't of Corr., 663 F.3d 1336, 1355 (11th Cir.2011). Conversely, errors are harmful if there are "significant weaknesses" in the case against the defendant. Id. at 1355–56. For example, a case has significant weaknesses if it "boils down" to a credibility contest. Id. A court is compelled to rule in a petitioner's favor if there is a " 'grave doubt' about the harmlessness of the error based upon the record." Id. at 1356.

Hull v. Secretary, Florida Dep't of Corrections, 572 Fed.Appx. 697, 701-702 (11th Cir. 2014).

The PCR court found that although trial counsel should have requested a limiting instruction, that introduction of the co-defendant's redacted confession did not prejudice the Petitioner because Petitioner was himself shot during the incident, he freely and voluntarily confessed to being a part of the plan to rob the victim, and that there was clear overwhelming evidence of Petitioner's guilt on all counts of the indictment for which he was convicted. (R.p. 647). See (R.pp. 148-149, 155-224, 270-292, 300-311, 319-329, 354-365, 392-394, 407-408). The undersigned agrees with the state court that Petitioner's trial counsel was deficient in his representation on this issue. Therefore, the issue is whether his failure to object prejudiced Petitioner. Petitioner has failed to show that the admission of this statement was prejudicial. The state court made this finding after reciting the substantial evidence of guilt against the Petitioner; see, discussion, supra; and the undersigned can discern no reversible error in this decision. Evans, 220 F.3d at 312; Williams v. Taylor, supra; Strickland v. Washington, supra.; Greene, 132 S.Ct. at 43 (2011); Hull, 572 Fed.Appx. at 701-702 (citing Mansfield, 679 F.3d at 1307).

Therefore, as any such error was harmless, this claim is without merit. Brecht, 507



U.S. at 633–34); cf. Sanders v. Klem, 341 Fed.Appx. 839, 843 (3d Cir. Aug. 6, 2009)[Relief denied where, based upon the evidence at trial, admission of the statement did not have a substantial and injurious effect in determining the jury's verdict]; Lang v. Gundy, 399 Fed.Appx. 969, 976 (6th Cir. Oct. 14, 2010)[Finding that despite not being able to determine if a constitutional violation occurred, any potential error was harmless in light of the other evidence of petitioner's guilt].

### Ground Four

In Ground Four, Petitioner alleges that his direct appeal counsel was ineffective for failing to brief all properly preserved errors. A defendant is constitutionally entitled to effective assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387 (1985); Tisdale v. State, 594 S.E.2d 166, 167 (S.C. 2004). Petitioner argues that appellate counsel was ineffective for failing to brief issues concerning trial court error for denying the motion for severance, for denying the motion to suppress his confession, and for erring in allowing Petitioner's confession to be admitted at trial.

In order to show ineffective assistance of appellate counsel, Petitioner must show that appellate counsel's performance was (1) deficient; and (2) that he suffered prejudice from appellate counsel's deficiency. Tisdale, 594 S.E.2d at 167. The PCR court found that Petitioner failed to show ineffective assistance of appellate counsel on these claims. (R.pp. 647-650). The Petitioner then raised this issue in his pro se PCR appellate brief after PCR appeal counsel filed a Johnson Petition. See Court Docket Nos. 16-1 and 16-2. After conducting a review based on Johnson, the South Carolina Supreme Court denied relief. See Court Docket No. 16-3; see also Jamison v. State, 765 S.E.2d 123, 128 (S.C. 2014)[Finding a petition filed pursuant to Johnson is the post-conviction relief equivalent of a direct appeal file pursuant to Anders and applying Anders standard of review under Johnson].

22



The South Carolina Supreme Court has held,

> . . . according to <u>Anders</u>, the reviewing court is obligated to make a full examination of the proceedings on its own. <u>Anders</u>. After such an examination, if the reviewing court agrees with the attorney, it may dismiss the appeal or proceed to a decision on the merits. <u>Id</u>. On the other hand, if the court disagrees with the attorney's analysis of the appeal, it must afford the defendant "the assistance of counsel to argue the appeal." <u>Id</u>. at 744. The purpose of filing a brief under <u>Anders</u> is to ensure the merits of the appeal are not overlooked. The court has to conclude independently, regardless of counsel's conclusion, whether or not the appeal has merit before it can dismiss the appeal.

<u>State v. McKennedy</u>, 559 S.E.2d 850, 854-855 (S.C. 2002).

This issue has also been raised and addressed in federal court in this district.

> Petitioner contends that appellate counsel was ineffective for only filing an *Anders* brief on direct appeal. . . . As the magistrate [judge] correctly noted, when the South Carolina Court of Appeals denied Petitioner's appeal, the merits of the appeal were reached. To establish the necessary prejudice prong of an ineffective assistance of counsel claim, Petitioner would have to show that the South Carolina Court of Appeals would have found prejudicial error warranting reversal of his conviction and/or sentence if appellate counsel had not filed an *Anders* brief. <u>See</u> <u>Tisdale v. State</u>, 594 S.E.2d 166, 167 (S.C.2004).
>
> Petitioner cannot show the required prejudice because the South Carolina Court of Appeals, which was obligated under *Anders* to conduct a full examination of the record on its own to determine whether a meritorious issue existed, denied the appeal. <u>See</u> <u>State v. McKennedy</u>, 559 S.E.2d 850, 854-55 (S.C.2002). The magistrate [judge] was correct in finding that because the merits of the appeal were reached, the Petitioner has not shown prejudice due to his appellate counsel filing an *Anders* brief. Therefore, this objection is without merit.

<u>Washington v. Rushton</u>, No. 05-2394, 2006 WL 2050582 at *2 (D.S.C. July 16, 2006).

Hence, the State Supreme Court conducted a review of Petitioner's case pursuant to

<u>Johnson</u> to determine if there were any meritorious issues which had not been briefed and found none.

<u>See</u> Court Docket No. 16-3; <u>Jamison</u>, 765 S.E.2d at 128 [Finding a petition filed pursuant to <u>Johnson</u>

is the post-conviction relief equivalent of a direct appeal file pursuant to <u>Anders</u> and applying <u>Anders</u>



standard of review under <u>Johnson</u>]. Accordingly, Petitioner has failed to show any prejudice from his direct appeal counsel only briefing one issue, rather than fully briefing additional issues, as all potentially meritorious issues were considered under <u>Johnson</u> review. Therefore, Petitioner has not carried his burden of showing that his appellate counsel was ineffective for failing to brief additional issues in his direct appeal. <u>Smith</u>, 528 F.2d at 809; <u>Evans</u>, 220 F.3d at 312; <u>Williams v. Taylor</u>, <u>supra</u>; <u>Strickland v. Washington</u>, <u>supra</u>.; <u>Greene</u>, 132 S.Ct. at 43. This claim should be dismissed.

### Ground Five

In Ground Five of his Petition, Petitioner contends that trial counsel was ineffective for failing to request mercy under the lynching statute. In 2009, Section 16-3-210[10] set forth that "any person found guilty of lynching in the first degree **shall suffer death unless the jury shall recommend the defendant to the mercy of the court,** in which event the defendant shall be confined at hard labor in the State Penitentiary for a **term not exceeding forty years or less than five years** at the discretion of the presiding judge." [Emphasis Added]. The State did not seek the death penalty in Petitioner's case, and Petitioner was sentenced to thirty-seven (37) years which was within the statutory mandates of forty (40) years. (R.p. 507).

The PCR court found the mercy issue was only relevant when the death penalty was available for lynching, and that Petitioner was not facing the death penalty. This issue was also raised in the <u>Johnson</u> brief in Petitioner's PCR appeal, which the state Supreme Court denied. <u>See</u> Court Docket Nos. 16-1, 16-2 and 16-3. Petitioner has not shown that the findings and rulings of the state courts were unreasonable, or that his counsel was ineffective, because the death penalty and issue of mercy were not before the court in Petitioner's case. <u>Evans</u>, 220 F.3d at 312; <u>Williams v. Taylor</u>,

---

[10]As previously discussed, this statute was amended in 2010.



supra; <u>Strickland v. Washington</u>, <u>supra</u>.; <u>Greene</u>, 132 S.Ct. at 43.  Therefore this claim is without merit and  should be dismissed.

<u>**Conclusion**</u>

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 22, 2016
Charleston, South Carolina

25



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

